IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRAIG EMMETT MENDENHALL, | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | Civil Action No. H-08-2104 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Craig Emmett Mendenhall, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging the voluntariness of his 1990 guilty plea and the manner in which his sentence is being executed. Respondent filed a motion to dismiss the petition for lack of jurisdiction and as barred by limitations. (Docket Entry No. 19.) Petitioner responded (Docket Entry No. 28), and filed a separate motion for summary judgment (Docket Entry No. 25).

After carefully reviewing the motions and responses, the record, and the applicable law, the Court **GRANTS** the motion to dismiss (Docket Entry No. 19), **DENIES** petitioner's motion for summary judgment (Docket Entry No. 25), and **DISMISSES** this case for the reasons that follow.

### I. BACKGROUND

On December 13, 1990, petitioner pleaded guilty to the offense of felony escape under cause number 15,3290-C in Walker County, Texas, and was sentenced to five years incarceration. The sentence was ordered to run consecutively to petitioner's 1983 thirty-year

sentence for aggravated robbery with a deadly weapon. No direct appeal was taken from the guilty plea. On August 17, 1992, the trial court entered an order nunc pro tunc crediting petitioner an additional 119 days pretrial jail time credit (for a total time credit of 839 days) on the five-year sentence. *See Ex parte Mendenhall*, WR-15,135-05, pp. 17, 28. Petitioner subsequently was convicted of assaulting a public servant in 1998 in Freestone County, Texas, and was sentenced to sixty-five years incarceration. This sentence was ordered to run consecutively to petitioner's thirty-year and five-year sentences.

On April 18, 2002, petitioner filed an application for state habeas relief challenging his time credits regarding the Walker County five-year sentence. *Ex parte Mendenhall*, WR-15,135-05. The application was overruled by operation of law. *Id.*, p. 58. The Texas Court of Criminal Appeals denied the application without a written order on December 1, 2002.

On February 13, 2008, petitioner filed a second application for state habeas relief regarding the Walker County conviction. In this second application, petitioner challenged the constitutionality of the conviction and sentencing. *Ex parte Mendenhall*, WR-15,135-07. The application was overruled by operation of law and denied by the Texas Court of Criminal Appeals on April 23, 2008. *Id.*, p. 30; at cover.

Petitioner filed the instant federal habeas petition no earlier than May 21, 2008, raising the following grounds for relief:

    (1)    his 1990 guilty plea was involuntary;

    (2)    his sentencing constitutes double jeopardy;

(3) his sentencing violates the contract clause and prohibition against *ex post facto* laws; and

(4) his sentencing denied him due process of law.

Respondent moves to dismiss this petition on grounds that petitioner's claims are successive and/or barred by limitations. Petitioner moves for summary judgment and argues that it is "uncontroverted" that he is unlawfully restrained.

## II. ANALYSIS

A.  Involuntary 1990 Guilty Plea

Respondent argues that petitioner's challenges to the voluntariness of his 1990 state court guilty plea are barred by limitations. This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas petitions are subject to a one-year limitations period, as follows:

(d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2). The instant petition is clearly barred by limitations if section 2244(d)(1)(A) controls; petitioner was convicted and sentenced in 1990, pursued no direct appeal, and did not seek state habeas relief until well after limitations otherwise expired in 1997. *See Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998).

However, the Court must also consider the applicability of section 2244(d)(1)(D); that is, whether petitioner shows that not until 2007 or 2008 could he have discovered, through the exercise of due diligence, the factual predicate of his instant claims for an involuntary guilty plea.[1] Petitioner argues that his 1990 guilty plea was involuntarily and unknowingly made because he was not informed that his convictions effectively created a "100 year" sentence, that the trial court retained the right to "stack" his sentence, or that section 508.149 of Texas Government Code, regarding eligibility for mandatory supervised release, applied retroactively to his convictions.[2]

---

[1] Petitioner does not argue, and the record does not suggest, any factual grounds for application of sections 2244(d)(1)(B) or (C).

[2] Eligibility for mandatory supervision is determined by the law in effect on the date that the inmate committed the offense. *Ex parte Hernandez*, 275 S.W.3d 895 (Tex. Crim. App. 2009). But

4

Respondent correctly argues that petitioner could have discovered, through the exercise of due diligence, the factual predicate of his instant claims in July of 2003 when the Texas Department of Criminal Justice Classification and Records Office informed him that there was no error in his time calculation. Indeed, petitioner concedes that he unsuccessfully challenged the guilty pleas in his Dallas County convictions under the same constitutional arguments raised in the instant proceeding. *See, e.g., Mendenhall v. Quarterman*, C.A. No. 3:08-cv-1933-N (N.D. Tex. 2008). The Court notes that, in that case, the Northern District federal court found that, because petitioner became aware of the consequences of his consecutive sentencing in the Walker County conviction and the effect of section 508.149 no later than October 26, 2006, his claims were barred by limitations. *Id.*, p. 4. Because petitioner here admits that he did not collaterally challenge the 1990 guilty plea in his Walker County conviction until February 13, 2008, his instant challenges to the plea are barred by limitations, whether the factual basis for his habeas challenges were discovered or discoverable in 2003 or 2006.

B.   Execution of his Sentence

Petitioner challenges "the unlawful manner in which Petitioner's Walker County, Texas convictions (sic) are being executed, and being carried out." (Docket Entry No. 28, p. 1.) Particularly, petitioner argues that he has served twenty years on his five-year Walker

---

eligibility under section 508.283(c) for credit for time spent on early release is determined by the law in effect on the date that the inmate's parole or mandatory supervision was revoked, including the version of section 508.149(a) in effect on the date of revocation. *Id.*

County sentence, in violation of double jeopardy protections; that post-1996 provisions of sections 508.147 and 508.149 of the Texas Government Code are being retroactively applied to his 1990 conviction in violation of the contract clause and *ex post facto* prohibitions; and that these double jeopardy and *ex post facto* violations have denied him due process.

Respondent correctly argues that these habeas grounds have been presented to and rejected by federal district courts in one or more of petitioner's prior federal habeas petitions. In *Mendenhall v. Quarterman*, C.A. No. 08-cv-1933-N (N.D. Tex. 2008), petitioner argued that the retroactive application of section 508.149 to his "older law" convictions, *including* cause number 15,320-C,[3] violated the contract clause, prohibitions against *ex post facto* laws, and his rights to due process. Specifically, petitioner alleged that,

> The unlawful retrospective application of section 508.149 to petitioner's 19[90] escape conviction has required petitioner to serve an additional 15 years flat (sic) past his long way discharge of his Walker County, Texas conviction, which increased the quantum of punishment outside of the law annexed at the time of the crime's commission.
>
> And through the retrospective application of section 508.149 to petitioner's Walker County, Texas conviction, the State unlawfully created a one-hundred year prison term which is severe, and harsh and oppressive through section 508.149 towards the entire one-hundred year TDCJ-CID imposed sentence.

*Mendenhall v. Quarterman*, C.A. No. 3:08-cv-1933-N (N.D. Tex., Petitioner's Response to Magistrate Judge's Questionnaire, p. 5). The district court dismissed petitioner's claims as barred by limitations.

---

[3]Cause Number 15,320-C is petitioner's Walker County, Texas felony escape conviction, the conviction made the basis of the instant habeas petition.

Petitioner's instant *ex post facto*, contract clause, and due process claims, complaining of the alleged retroactive application of section 508.149 to his 1990 Walker County felony escape conviction, are successive claims. Petitioner does not allege or show that the Fifth Circuit Court of Appeals has authorized him to file and pursue this habeas petition. To the contrary, the Fifth Circuit denied petitioner's most recent motion for leave to file a successive petition, including his claim that the TDCJ retroactively applied section 508.149 and combined his felony escape and other convictions to create a one-hundred year sentence, in violation of the contract clause and *ex post facto* prohibitions. Accordingly, petitioner's *ex post facto*, contract clause, and due process claims for the retroactive application of section 508.149 are barred as unauthorized successive claims.

Regardless, petitioner's 2002 state habeas application reveals that petitioner knew of the factual predicates for these habeas claims at the time he filed the application. *Ex parte Mendenhall*, WR-15,135-05.

Petitioner's double jeopardy claim fares no better, as it is barred by limitations. Petitioner identified the following as the factual basis for his double jeopardy claim:

> Petitioner's parole was revoked on August 26, 1996. And he was returned to prison. Petitioner has twice been punished within Cause No. 15,320-C by the TDCJ-CID taking 839 days flat time credits and backdating them to 10-13-1979 to ensure petitioner's five year sentence can never be completed or end. Petitioner has been twice placed in jeopardy and punishment (sic) exceeding the five year original sentence. On August 8, 2008, petitioner shall have served twenty years on a five year sentence.

(Docket Entry No. 1, p. 7.)

Petitioner bases his double jeopardy claim in the retroactive application of section 508.149: "The retrospective application further violates the contract clause found within the United States Constitution, and envokes (sic) violation of the Double Jeopardy Clause[.]" (Docket Entry No. 28, p. 7.) As already noted by this Court, petitioner was aware of the effect of section 508.149 no later than October 26, 2006. Because petitioner admits that he did not collaterally challenge the guilty plea in his Walker County conviction in state court until February 13, 2008, his double jeopardy challenge to the guilty plea is barred by limitations. 28 U.S.C. § 2244(d)(1)(D).

C.     State Post-Conviction Proceedings

Petitioner complains that the Walker County District Clerk's Office processed his state application for habeas relief in a negligent and/or deceptive manner by requesting an answer from "an Amarillo resident." Petitioner speculates in conclusory terms that this resident had nothing to do with his habeas petition and that he was denied an opportunity to obtain trial court findings of fact and conclusions of law.

Irregularities occurring in state post-conviction proceedings do not raise cognizable grounds for federal habeas relief, as such claims do not directly challenge the underlying state conviction. *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987). Petitioner's allegations under this ground, even if true, provide him no grounds for federal habeas relief.

## III. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1. Respondent's motion to dismiss (Docket Entry No. 19) is **GRANTED**.

2. Petitioner's challenges to the execution of his sentence are **DISMISSED FOR WANT OF JURISDICTION**.

3. Petitioner's claims for double jeopardy and an involuntary guilty plea are **DENIED WITH PREJUDICE** as barred by limitations.

4. Petitioner's challenges to his state habeas proceedings are **DISMISSED WITH PREJUDICE** for failure to state a cognizable habeas claim.

5. Petitioner's motion for summary judgment (Docket Entry No. 28) is **DENIED**.

6. A certificate of appealability is **DENIED**.

7. Any and all pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 21st day of May, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE